IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL CASTONGUAY,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>BRAD HANSEN, Warden of Tecumseh State Correctional Inst.;<br><br>　　　　　Respondent. | 8:18CV413<br><br>**MEMORANDUM AND ORDER** |

Petitioner Paul Castonguay has filed a "Motion for Relief from Judgment Pursuant to Rule 60(b)(4)(6)(d)(1)(2)" (filing no. 1), which has been docketed as a petition for writ of habeas corpus, and a supplement to the petition (filing no. 5). Conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I conclude that the petition should be dismissed.

Although lacking in specifics, it is apparent that Castonguay seeks relief from a judgment of conviction entered in the Douglas County District Court of Nebraska and to declare said judgment void. Liberally construed, summarized and condensed, Castonguay now attacks his conviction claiming violations of his rights to a fair trial, to effective assistance of counsel, and to confront the witnesses against him.

Castonguay seeks relief from a state-court judgment of conviction which he has unsuccessfully challenged three times before in habeas petitions under 28 U.S.C. § 2254. (*See Castonguay v. Tecumseh Institution*, No. 4:11CV3145, 2012 WL 1118420 (D. Neb. Apr. 3, 2012) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice); *Castonguay v. Houston*, No. 4:13CV3094, 2013 WL 3167947 (D. Neb. June 20, 2013) (dismissing § 2254

habeas petition as successive); *Castonguay v. Department of Corr. Serv., et al.*, No. 4:15CV3004, Filing No. 10 (dismissing § 2254 habeas petition as successive). However, it is clear from the form of the petition that Castonguay seeks relief pursuant to Rule 60(b) and (d) of the Federal Rules of Civil Procedure[1] as a stand-alone request and has not sought to raise his present request for relief in any of his closed federal habeas cases. Castonguay cannot use Rule 60 to attack his state criminal judgment.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531–35 (2005) (explaining proper role of Rule 60(b) in habeas cases)).

Construing Castonguay's 60(b) motion as a § 2254 habeas petition, likewise, affords him no relief. As stated, Castonguay unsuccessfully challenged this same judgment of conviction in this court in Case Numbers 4:11CV3145, 4:13CV3094, and 4:15CV3004. Thus, Castonguay would be required to seek the permission of

---

[1] In relevant part, Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Subsection (d) of Rule 60 provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment." Fed. R. Civ. P. 60(d).

the Court of Appeals to commence this successive action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition (filing no. 1; filing no. 5) is denied and dismissed with prejudice. The court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 3rd day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge